**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-cv-10040-MARTINEZ

NICOLE SOHN, *et al.*,

     *Plaintiffs*,

v.

CITY OF KEY WEST,

     *Defendant*.

_____/

## JOINT CONFERRAL REPORT

In accordance with the Court's Order (Dkt. No. 7), the parties conferred regarding scheduling on June 1, 2026. Nicholas Warren, Reid Levin, Ashley Sybesma, and Samantha Past attended for Plaintiffs. Hudson Gill and W. Hampton Johnson IV attended for Defendant City of Key West.

### I.  DISCOVERY PLAN

The parties report the following regarding discovery:

A. **Initial disclosures:** The parties agree to exchange initial disclosures by 6/15/26.

B. **Scope of discovery:** Plaintiff intends to seek discovery on the City's enforcement of its Historic District regulations and Defendant's defenses. Defendant intends to seek discovery into all issues framed in the pleadings.

### II.  INFORMATION REQUIRED BY LOCAL RULE 16.1

The parties report the following required by Local Rule 16.1(b)(2)(A)–(B) and (D)–(K):

A. **Likelihood of settlement:** The parties agree that settlement is unlikely at this early juncture, but will engage in good-faith discussions regarding settlement.

B. **Likelihood of appearance of additional parties:** It is possible additional plaintiffs or plaintiff-intervenors may appear before the deadline to add additional parties. Additional defendants are unlikely.

D. **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses:** The parties will work to simplify the issues for trial.

E. **The necessity or desirability of amendments to the pleadings:** Plaintiffs may determine that amending the Complaint may be needed in response to Defendant's motion to dismiss

1

and/or any ruling thereon, and to add additional plaintiffs. Defendant has not yet answered.

F. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:** The parties will work to obtain admissions of fact and of documents, ESI, and stipulations on authenticity. Advance rulings from the Court on the admissibility of evidence may streamline each party's trial presentation.

G. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:** The parties will work to avoid unnecessary proof and cumulative evidence. The parties will also discuss stipulations regarding the authenticity and admissibility of relevant documents.

H. **Suggestions on the advisability of referring matters to a Magistrate Judge or master:** Plaintiffs defer to the Court on referring matters to a Magistrate Judge. Defendant does not consent to referring any matters to the Magistrate Judge other than discovery motions.

I. **A preliminary estimate of the time required for trial:** 2 to 5 days.

J. **Requested date or dates for:**

    a. **Conferences before trial:** None needed at this time.

    b. **Expert disclosures:** The parties will not present any expert testimony.

K. **Any issues about:**

    a. **Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**: None at this time.

    b. **Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:** None at this time.

    c. **When the parties have agreed to use the ESI Checklist available on the Court's website, matters enumerated on the ESI Checklist:** The parties have not agreed to use the ESI Checklist, but have agreed to revisit the matter after propounding requests for production.

### III. OTHER MATTERS

As the Court's Order requires (Dkt. No. 7 at 2), the parties report the following:

1. **Jury or non-jury trial:** Non-jury.

2. **Legal elements of each claim and defenses:**

   a. **First Amendment content and viewpoint discrimination claim:**

      (1) Whether Plaintiffs' rainbow picket fence display was First Amendment-protected expression;

      (2) Whether the City selectively enforced its Historic District regulations against Plaintiffs because of the content and/or viewpoint of their expression;

      (3) Whether the City has not enforced its Historic District regulations against others similarly situated whose violations have different communicative content and/or viewpoint from Plaintiffs;

      (4) Whether the City has no legitimate, content-neutral justification for selectively punishing Plaintiffs for their expression;

      (5) Whether the City's selective and/or arbitrary enforcement was the result of an official policy, practice, or custom of the City, including a pattern of enforcement that was so persistent, widespread, or repetitious that the City's policymakers either knew or should have known of it;

      (6) Whether the City's enforcement caused Plaintiffs to suffer irreparable harm.

      (7) Whether the City's enforcement caused Plaintiffs' damages.

   b. **Defenses:**

      (1) Whether the posting of a courtesy notice and notice of violation rise to the level of a First Amendment violation;

      (2) The City reserves the right to assert additional defenses upon proper notice to the Plaintiffs.

3. **Good-faith estimate of specific dollar valuation of actual damages and other relief at issue:** Plaintiffs request $20 in nominal and compensatory damages.

4. **Need for variance from the discovery limitations imposed by Local Rule and/or Federal Rules of Civil Procedure:** None needed at this time.

Respectfully submitted June 11, 2026,

/s/ *Nicholas L.V. Warren*
Nicholas L.V. Warren (FBN 1019018)
Michelle M. Morton (FBN 81975)
Samantha J. Past (FBN 1054519)
Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
mmorton@aclufl.org
spast@aclufl.org
dtilley@aclufl.org

Reid Levin (FBN 1038933)
**Reid Levin, PLLC**
P.O. Box 880682
Boca Raton, FL 33488
(561) 866-6089
reid@reidlevinpllc.com

Ashley N. Sybesma (FBN 22059)
Wayne LaRue Smith (FBN 31410)
**The Smith Law Firm**
509 Whitehead Street
Key West, FL 33040
(305) 296-0029
ashley@thesmithlawfirm.com
wsmith@thesmithlawfirm.com

*Counsel for Plaintiffs*

/s/ *Hudson C. Gill*
Hudson C. Gill (FBN 15274)
W. Hampton Johnson IV (FBN 98607)
**Johnson, Anselmo, Murdoch,**
**Burke, Piper & Hochman, P.A.**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
(954) 463-0100
hgill@jambg.com
wjohnson@jambg.com

*Counsel for Defendant*