UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-cv-10040-JEM

NICOLE SOHN, et al,

      Plaintiffs,

vs.

CITY OF KEY WEST,

      Defendant.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

Defendant, CITY OF KEY WEST ("City"), by and through its undersigned counsel, files its Reply in support of its Motion to Dismiss Complaint (ECF No. 13) ("Motion") directed to the Complaint (ECF No. 1) filed by the Plaintiffs, NICOLE SOHN ("Sohn"), LINDA BAGLEY-SOHN ("Bagley-Sohn") (collectively, "Homeowners"), and BAGLEY-SOHN TRUST 04/23/2021 ("Trust"), and in support states:

The City's Motion is based on a simple proposition. To state an as applied First Amendment claim – be it one for selective enforcement or retaliation – a plaintiff must still identify some act by the defendant that results in an alleged constitutional violation. According to the allegations in the Complaint, the alleged act that resulted in the constitutional violation was the City's issuance of a Good Neighbor Courtesy Notice and a Notice of Code Violation ("Notices"). ECF No. 1 at ¶¶ 25, 26, 28. However, multiple courts including one judge in this Court have held that the mere issuance of a notice of violation does not constitute a First Amendment violation. *Frankel v. Town of Bay Harbor Islands*, No. 06-23109-CIV, 2007 WL 9709777, at *1-*2 (S.D.

1

Fla. Apr. 16, 2007); *Volk v. Heydt*, 1997 WL 27100 (E.D. Pa.1997). In *Frankel*, the Court reasoned that the issuance of notices of violation would not "likely deter a person of ordinary firmness from exercising her/his First Amendment rights" because they "did not impose a fine but rather, informed Plaintiff that a civil fine would result if violations respecting the maintenance of rain gutters and the removal of a dead tree stump were not corrected," and the subsequent courtesy notice "did not impose a fine but merely notified Plaintiff about the need to repair rain gutters damaged by hurricanes." *Id.* at *3.

Citing to *Wilson v. State Bar of Ga.*, 132 F.3d 1422, 1428 (11th Cir. 1998), and *Bee's Auto, Inc. v. City of Clermont*, 8 F. Supp. 3d 1369, 1378 (M.D. Fla. 2014), *aff'd*, No. 15-10212 (11th Cir. Sept. 3, 2015); the Plaintiffs argue that their "self-censorship" in response to the Notices "unequivocally constitutes an injury under the First Amendment." ECF No. 18 at 5-6.

The Plaintiffs' reliance on these cases is misplaced because they both addressed standing in the context of First Amendment challenges to the content of certain regulations. In *Wilson*, the plaintiffs – disbarred attorneys – brought suit claiming that two of the Rules and Regulations for the Organization and Government of the State Bar of Georgia, among others, "abridge[d] their First Amendment rights." 132 F.3d at 1424. The language cited by the Plaintiffs from *Wilson* addressed whether the disbarred attorneys had standing to challenge the regulations in a pre-enforcement context. *See id.* at 1428 ("When a plaintiff brings a pre-enforcement challenge to a sanctioning statute, regulation or ordinance, standing exists at the summary judgment stage when the plaintiff has submitted evidence indicating 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a

credible threat of prosecution.'") (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979)).

*Bee's Auto* involved a First Amendment challenge to a municipal sign ordinance under the First Amendment.   8 F. Supp. 3d at 1371. After the city issued notices of violation and the plaintiff refused to comply, the parties agreed to stay all enforcement proceeding until the case was fully and finally resolved.  *Id.* 1377.   After the defendant city raised standing, the court rejected the argument because (1) the city cannot agree to place the issue of the constitutionality of its code before the court while simultaneously arguing that the plaintiffs have no standing to litigate this issue and (2) a "plaintiff claiming a violation of the exercise of his constitutional rights need not show that he has been subject to actual prosecution or penalty in order to establish standing."  *Id.* at 1378.

The claims in *Wilson* and *Bee's Auto* are fundamentally different from the claim here.   In both *Wilson* and *Bee's Auto*, the plaintiffs challenged the content of the subject regulations as being unconstitutional under the First Amendment. And the defendants attacked the claims on the standing grounds arguing that the lack of enforcement prohibited the plaintiffs from challenging the content of the regulations.   Here, the Plaintiffs are not alleging that the content of the City's Historic Architectural Guidelines violates the First Amendment.   Instead, the Plaintiffs are arguing that it is the manner in which the City allegedly enforced those guidelines violated the First Amendment. As a result, the standing analysis from *Wilson* and *Bee's Auto* is simply inapplicable.   The City is not arguing that the Plaintiff's lack standing to challenge some section of the City's regulations because it has not been enforced against them.   Rather, the City asserts that, based on the type of First Amendment claim at issue – one based upon the manner in which

3

a regulation is being enforced as opposed to merely its content – the Plaintiffs must identify some act by the City that rises to the level of a constitutional violation.   Under *Frankel* and *Volk*, the Notices simply do not rise to that level.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of July, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
*Counsel for Defendant City of Key West*
2455 East Sunrise Boulevard, Ste. 1000
Fort Lauderdale, FL 33304
Telephone: 954-463-0100

BY: */s/Hudson C. Gill*
      Hudson C. Gill
      Florida Bar No. 15274
      W. Hampton Johnson IV
      Florida Bar No. 98607

4

## SERVICE LIST

Nicholas L.V. Warren
ACLU Foundation of Florida
4343 West Flagler Street, Suite 400
Miami, FL 33134
*Counsel for Plaintiff*

Nicholas L.V. Warren, Esq.
Samantha J. Past, Esq.
Michelle M. Morton, Esq.
Daniel B. Tilley, Esq.
ACLU Foundation of Florida
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
spast@aclufl.org
mmorton@aclufl.org
dtilley@aclufl.org
*Counsel for Plaintiff*

Reid Levin, Esq.
Reid Levin, PLLC
P.O. Box 880682
Boca Raton, FL 33488
(561) 866-6089
reid@reidlevinpllc.com
*Counsel for Plaintiff*

Ashley N. Sybesma, Esq.
Wayne LaRue Smith, Esq.
The Smith Law Firm
509 Whitehead Street
Key West, FL 33040
(305) 296-0029
ashley@thesmithlawfirm.com
wsmith@thesmithlawfirm.com
*Counsel for Plaintiff*

Hudson C. Gill, Esq.
hgill@jambg.com
cardona@jambg.com
ostreumke@jambg.com
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Ste. 1000
Ft. Lauderdale, FL 33304
954-463-0100
*Counsel for Defendant*